[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESPONDENTS' MOTIONS FOR JUDGMENT OFDISMISSAL
In a petition filed in the above captioned matter, the respondent parents have been accused of the abuse and neglect of their two daughters, Catherine, age 15, and Elisabeth, age 14. The petition further alleges that the two children have been "uncared for" by their parents, as defined by statute.
The respondent parents have filed a "Motion for Judgment of Dismissal". The basis for that motion is the claim by the respondents that the petitioner, Department of Children and Families, has failed to make out a prima facie case as to the petitions alleging "abuse", "neglect" and "uncared for".
The petitioner, Department of Children and Families, and the two juveniles have objected to the motion. CT Page 6881-M
The relevant facts are found as follows:
On September 8, 1993, after an incident in the parents' home, involving the parents and the two children, the children were removed to Danbury Hospital Crisis Intervention Unit.
On September 9, 1993, the two juveniles began a voluntary placement which was agreed to by the parents. The placement was at the Waterbury Salvation Army Shelter, and was to be for thirty (30) days from September 9, 1993.
On a subsequent date, the parents indicated that they intended to cancel the aforementioned voluntary placement of their daughters.
On October 5, 1993, the court issued an ex parte order of temporary custody regarding each of the children.
The affidavit and summary of facts submitted to the court to support the ex parte order of temporary custody were deemed sufficient to permit a finding that there existed reasonable cause to believe that "the circumstances surrounding [the children's] care required that [their] custody be immediately assumed to safeguard [their] welfare."
Subsequently, testimony and evidence during the diverse hearing dates was offered to establish that the children absolutely refused to return to the family home under any circumstances.
There was further testimony by a clinical psychologist that to return the children to their parents' home under the current circumstances "would be very destructive to their psychological health." (Dr. Bruce Freedman, direct testimony, December 6, 1993).
The petitioner, Department of Children and Families, and the two juveniles, through counsel, have directed the court's attention to the "reasonable cause" standard, set forth in § 46b-129(b), Connecticut General Statutes, required for the issuance of an Order for Temporary Custody.
There is little doubt from the affidavits, summaries of fact and sworn testimony that a prima facie case has been CT Page 6881-N established regarding the claim of Department of Children and Families that Elisabeth and Catherine were appropriately removed from their parental home pursuant to an Order of Temporary Custody.
It is another thing, however, to argue that because an Order of Temporary Custody properly issued, that the State has, therefore, presented a prima facie case that the parents were either abusive or neglectful.
The court can conceive of cases wherein the youth's "condition or circumstances surrounding his care" may require the immediate assumption of his care by the State despite the fact no finding can or should be made imputing that condition or those circumstances to a parent or caretaker. The court finds that this is one of those cases.
In the instant case, there has been lengthy and extensive testimony as to the behavior of the mother and father, and the behavior of the two juvenile daughters.
Based on that testimony, the court finds that the parents have, for many years, engaged in a campaign of disciplinary practices and methods directed toward their daughters.
The court further finds that many of these disciplinary practices and methods were, to some degree, harsh, demeaning, intimidating, disheartening, unfair, embarrassing, excessive, hurtful, primitive and/or counter-productive.
The court further finds that these practices and methods were enacted by the parents to get their daughters "to do what's right" and to prepare them for the demands and realities of adulthood.
The critical issue for the court in deciding the respondent parents' Motion to Dismiss is whether or not the behavior found to have been engaged in by the parents constitutes abuse, neglect, and/or lack of care, as a matter of law.
While the court may not agree with the parents' practices and methods of child rearing and discipline, the court refuses to find that the parental behavior in this case is so abhorrent as to amount to abuse or neglect of their children as those terms are defined in statute or case law. CT Page 6881-O
The court finds that the State's evidence, taken as true and in the light most favorable to the State, fails to make out a prima facie case establishing abuse or neglect on the part of the parents. See Tomasso, Inc. v. Amor Constructions Paving,Inc., 187 Conn. 549, 548 (1982).
For the foregoing reasons, the court grants the Motion to Dismiss the allegations of "abuse and neglect."
Having considered the relevant evidence and testimony previously referred herein, the court denies the Motion to Dismiss the allegation by the State that Catherine and Elizabeth are "uncared for", as that term is defined by Statute (§ 46b-120, C.G.S.). The court finds that the State has set forth a prima facie case as to that allegation.
Whether or not the parents, through competent evidence and testimony, can refute that allegation, cannot be decided by this court until the completion of the respondent's case and until after the State has been permitted an opportunity for rebuttal.
BY THE COURT
JOSEPH W. DOHERTY, J.